IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Chris Rouen, | ) | Case No. 6:13-cv-02276-JMC-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Honeywell, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on a motion to dismiss the case without prejudice, filed by Plaintiff. [Doc. 13.] Plaintiff is proceeding pro se and brings this action against Defendant Honeywell for violation of the Telephone Consumer Protection Act. [Doc. 1.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in this case and to submit findings and recommendations to the District Court.

## DISCUSSION

On September 13, 2013, Plaintiff filed a motion to dismiss the Complaint without prejudice. [Doc. 13.] Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, a plaintiff may request the court to dismiss his action, and a dismissal under Rule 41(a)(2) is usually without prejudice. Further,

> [a] plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice "should not be denied absent substantial prejudice to the defendant." Prejudice of a sort to weigh in favor of denying a motion to voluntarily dismiss has been described as "plain legal prejudice." . . . Plain legal prejudice is shown when actual legal rights are threatened or when monetary or other burdens appear to be extreme or unreasonable. Additional factors commonly assessed when considering a Rule 41(a)(2) motion include: (1) the extent to which litigation has

> progressed, including the defendant's effort and expenses to date, (2) the plaintiff's diligence in prosecuting the action or in bringing the motion, (3) the duplicative expense of relitigation, and (4) the adequacy of plaintiff's explanation for the need to dismiss.

*Nat'l Specialty Ins. Co. v. AIG Domestic Claims*, No. 3:09-1183-JFA, 2010 WL 412604, at *2 (D.S.C. Jan. 28, 2010) (citations omitted).

Here, Defendant removed the action to this Court on August 21, 2013. [Doc. 1.] Defendant answered the Complaint on August 28, 2013 [Doc. 6] and provided Local Rule 26.01 Answers to Interrogatories on August 21, 2013 [Doc. 3.] The Court issued a Scheduling Order on September 5, 2013, requiring that the parties conduct a Rule 26(f) conference by October 9, 2013, complete discovery by March 5, 2014, and file dispositive motions by March 19, 2014. [Doc. 10.]  Therefore, the litigation is its infancy.  While this litigation has imposed some burden on Defendant with the filing of its Answer and answers to interrogatories, it does not appear that Defendant would be substantially prejudiced by dismissal.  Accordingly, the Court recommends Plaintiff's motion to dismiss be granted and that the Complaint be dismissed without prejudice.

## CONCLUSION

Wherefore, based upon the foregoing, the Court recommends Plaintiff's motion to dismiss Defendant without prejudice be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

September 16, 2013
Greenville, South Carolina

2